(21 App. Div. 489.)

HAND v. BROOKS.

(Supreme Court, Appellate Division, First Department.  October 22, 1897.)

1. CONTRACTS—PERFORMANCE—UNREASONABLE DELAYS.
   In consideration of the insertion by plaintiff of an advertisement in a book to be published by him, defendants agreed to pay a certain sum on delivery of a specimen copy of the book. *Held*, that a period of 10 months for preparation, publication, and delivery of the book was not unreasonable as a matter of law.

2. SAME—DEMAND OF PERFORMANCE—LIMITATIONS.
   Said sum was to be paid, not in cash, but by deduction from the price of new work to be ordered from defendants by plaintiff. *Held*, that there was no limit as to the time within which the demand for new work should be made, except the limit prescribed by the statute of limitations.

3. ASSIGNMENTS—WHAT IS ASSIGNABLE—CONTRACTS.
   Said contract was assignable in the usual way, and was not limited to the personality of the original contractor.

Appeal from special term, New York county.

Action by George B. Hand against Thomas H. Brooks and William H. Shepard. There was an interlocutory judgment overruling a demurrer to the complaint, and defendant Brooks appealed, with notice that he would bring up for review the order overruling the demurrer. Judgment affirmed.   Appeal as to the order dismissed.

The complaint alleges that the following contract was executed by the defendants, composing the firm of T. H. Brooks & Co., on or about the day of its date:

"Cleveland, Ohio, 12/9/1890.

"In consideration of the insertion of an advertisement, to occupy one page, the copy for which is attached hereto, in the book descriptive and illustrative of the Arcade Building, Cleveland, Ohio, we promise to pay to the order of E. S. Hand two hundred and forty dollars, payable as over on publication of and the delivery to us of a specimen copy of same. It is agreed that the whole agreement between the parties is contained in this contract.

"$240 payable as over.    T. H. Brooks & Co.

"The within-named amount is available as a credit, and is to be deducted from our price for work other than we have estimated on or contracted for prior to the date hereof. In the event of the said work not being given us, we are to be absolutely acquitted of any charge for the advertisement herein provided."

The complaint further alleges that thereafter the advertisement was duly inserted in the book specified, and a copy duly delivered to the defendants in accordance with the contract on or about October 7, 1891; that Elwood S. Hand duly assigned the contract to the plaintiff about March 26, 1892; that shortly after such assignment the plaintiff duly notified the defendants thereof, and the latter thereupon, on March 28, 1892, refused to perform any work for him thereunder; and that thereafter, and about February 18, 1896, "the plaintiff duly offered to defendants work other than they had estimated on or contracted for prior to the date of said contract, and duly demanded that they perform such work, to wit, plaintiff duly demanded that the defendants manufacture for plaintiff architectural ironwork, steam-heating apparatus, etc., of the value of about $250, but that defendants refused to perform the work so offered, or any part thereof." Judgment is demanded for $240, with interest from March 28, 1892.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

John Brooks Leavitt, for appellant.
Chas. De Hart Brower, for respondent.

BARRETT, J. The appellant contends that the plaintiff's assignor did not perform the contract upon his part within a reasonable time. The contract was made on the 9th day of December, 1890, and the book was delivered to the defendants on or about the 7th day of October, 1891. Whether the book was thus delivered within a reasonable time depends upon circumstances not disclosed by the complaint. We cannot say, as matter of law, that the book should have been completed and published in less than 10 months. For aught that appears, that length of time may well have been occupied in its preparation, even with the fullest diligence. In other words, no presumption can be indulged in upon the naked averments of the complaint. The plaintiff, in effect, avers performance on his part, when he avers that the advertisement was duly inserted in the book, and that the book was duly published, and a specimen copy duly delivered in accordance with the contract. If any presumption is to be indulged in, it is that the defendants accepted and retained the book without complaint as to the length of time which was occupied in its preparation. In this view of the case, the plaintiff has substantially averred performance. Both sides agree that the contract is analogous to a contract payable in goods. It is, in effect, a contract, whereby, for a good consideration, one party agrees to perform for the other party work of the value of $240. The full consideration was given when the plaintiff's assignor delivered the book to the defendants. Upon the receipt by the defendants of that book, they became bound to perform such work in their line as might be offered to them, and to deduct the sum specified in the contract, to wit, $240, from the price payable for such work. It is an erroneous view of the bargain that the plaintiff's assignor, or the plaintiff himself, was bound to proffer such work to the defendants within a reasonable time after the making of the contract, or, at least, after delivery of the book. Upon receipt of the consideration specified in the contract, the defendants became bound, upon demand, to do what they had engaged to do. There was no limit as to the time when the plaintiff's assignor might make the demand, except, of course, the limit prescribed by the statute of limitations.

There is nothing in the appellant's remaining point that the defendants' refusal to perform related only to the plaintiff as assignee of the contract, and not to the assignor. The contract was assignable in the ordinary way, and was in no sense limited to the personality of the assignor. The assignee took, under his assignment, the same rights as the assignor, and a refusal to perform as to him was as much a breach of the contract on the defendants' part as would have been a refusal to perform as to the assignor.

We think the demurrer was properly overruled, and that the interlocutory judgment should be affirmed, with costs, and the appeal, so far as it seeks to review the intermediate order, should be dismissed. All concur.